# Richmond.

## PUMPHREY AND ALS. V. BROWN AND ALS.

### May 10th, 1883.

1. CONSTITUTION.—Act of assembly approved, February 13th, 1877, entitled "an act to amend and reënact § 36, ch. 68, Code 1873," is not inconsistent with § 4, article vii of the constitution.

2. CONSTRUCTION OF STATUTES—*Towns—School districts.*—Under the said act, approved February 13th, 1877, incorporated towns having over five hundred, and less than five thousand inhabitants, if the council of such town so elect, shall constitute a separate school district; and such council shall have the power to appoint three school trustees, to serve one, two, and three years, respectively, and annually thereafter, it shall appoint a school trustee to serve three years.

3. CASE AT BAR.—On September 21st, 1882, the town council of the incorporated town of A., which then had over 500 and less than 5,000 inhabitants, organized that town into a separate school district and elected K. and two others trustees therefor, who duly qualified and organized "the board of trustees for the school district for the town of A. in the county of H." On 19th February, 1883, P. and two others, who had been duly appointed, qualified and organized as "the board of school trustees in and for school district No. 3 in the said county of H.," which district had embraced within its limits the said town of A. before its erection into a separate school district, presented to this court their petition for a *mandamus* to compel said K. and his two associates to restore to them the control of that portion of district No. 3, which is included within the limits of said town of A., as it had been prior to the creation of the separate district.

HELD:

The writ of *mandamus* is denied.

On petition for a writ of *mandamus*. Opinion states the facts.

*F. S. Blair, Attorney-General,* for petitioners.

*Sands, Leake & Carter,* for the respondents.

RICHARDSON, J., delivered the opinion of the court.

The petitioners aver that in the month of August, 1882, they were duly elected school trustees for Ashland school district, in the county of Hanover, and duly qualified as required by law, and organized the school board for said district without delay and in the manner required by law. That while engaged in the lawful discharge of their duties as such school board for said Ashland district, the town council of the town of Ashland, in said county of Hanover, which said town is a large portion of said school district, known as Ashland School District, No. 3, being situated in the very centre of the same, assembled and sought to constitute said town a separate school district under the designation of "The School District of the Town of Ashland," and appointed J. A. Brown, Otho G. Kean and John J. Tiller three school trustees for said town, to serve one, two and three years respectively; and on proceeding to organize said town into a separate school district, and had by a proceeding by *mandamus*, to which petitioners were not parties, either as trustees or as a school board, in this court compelled the county superintendent of schools to assist in organizing them into a separate school district, and are now so acting, and are likely to greatly injure the free school interests of petitioners' school district; that the action of said town council and town board are illegal and in violation of their rights, and ask a peremptory writ of *mandamus* to compel them to restore to the petitioners that portion of the Ashland school district known as No. 3, and the care and management of the same as they had before the illegal and usurping acts of the town council of the town of Ashland, and the board of school trustees of their creation. To this petition the said town board demur and make answer, and set forth the right, under the law, of the said town council to act in thus organizing a separate school district for the town of Ashland, and creating a board of school trustees therefor, because the law authorizes the town council of any town containing over five

hundred inhabitants and under five thousand, when the said council shall so elect, to organize the town into a separate school district, and elect school trustees for such district.

The question in this case depend upon the true construction and force to be given to the act of the general assembly passed February 13th, 1877, entitled an act to amend and reënact section thirty-six of chapter seventy-eight of the Code of 1873, in relation to the appointment of school trustees in incorporated towns of less than five thousand inhabitants, which act is as follows: "The districts shall correspond in boundaries with the magisterial districts, except that incorporated towns of more than five hundred and less than five thousand inhabitants, shall, if the council of such town so elect, constitute a separate school district, and such council shall have the power to appoint three school trustees, to serve one, two and three years, respectively, and annually thereafter it shall appoint a school trustee to serve three years."

Under this act, the town council of Ashland, on the 21st day of September, 1882, organized the town of Ashland into a separate school district, and elected trustees therefor. This they were authorized to do under the act above cited, unless that act is in violation of some provision of the constitution of the state now in force

It is claimed by the petitioners, that by this act and the organization of the said town board, and creation of said town into a separate school district, their vested rights are infringed under the fourth section of article seven of the constitution, which provides, "that each magisterial district shall be divided into so many compactly located school districts as may be deemed necessary, provided that no school district shall be formed containing less than one hundred inhabitants " If this section of the constitution is to be construed to mean that when the districts are once laid off for the schools, then they must so remain always, whatever the public exigency may require, then this act of February 13th, 1877, does violate that section, as, indeed,

did all the acts preceding it which. it amends, the first and original of which was passed by the general assembly at its first session under the constitution of the state. But when this section is construed together with all the sections of the constitution, it is plain that the legislature is vested with such power, as may be necessary to make all needful laws and regulations to carry into effect the public free school system provided for by the constitution. And there can be no reason to believe that there could have been any intention on the part of the framers of that instrument to deny to the general assembly the power, from time to time, to rearrange the school districts as the public interests may require. But the constitution does not prohibit the legislature from dividing up the school districts; and the act in question is not in violation of any provision of the constitution, or of its spirit, and it must be admitted to be within the power of the legislature. As to disturbing the vested official rights of the petitioners, that has not been done, except in the new district laid off, and the remnant of the old school district remains to constitute a school district, and the petitioners are the school trustees for such district.

We are of opinion that the writ must be denied.

MANDAMUS DENIED.